# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHENITRA STUART, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 10-3520 |
| AR RESOURCES, INC., and DOES 1-10, | : | |
| Defendants. | : | |

## MEMORANDUM

BUCKWALTER, S. J.                                                              March 15, 2011

Presently before the Court is the Motion of Defendant AR Resources to Dismiss the Complaint of Plaintiff Shenitra Stuart pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Motion is granted in part and denied in part.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

This action concerns Defendants' alleged use of harassment and deception to collect a debt that Plaintiff, a resident of Philadelphia, Pennsylvania, purportedly does not owe. According to the facts set forth in the Complaint, a family member of Plaintiff incurred a personal debt at a time not specified in Plaintiff's allegations. (Compl. ¶¶ 8-9.) The debt was then "purchased, assigned, or transferred to AR Resources for collection, or AR Resources was employed by the Creditor to collect the Debt." (Id. ¶ 10.) Since that time, Defendants (including ten unnamed debt collectors employed by AR Resources (the "Collectors")) have called Plaintiff

an unspecified number of times seeking to collect the debt. (Id. ¶ 6, 8.) In doing so, Plaintiff alleges that Defendants have engaged in "harassment and abusive tactics" by asking Plaintiff for her name (id. ¶12); employing automated telephone recordings (id. ¶ 15); failing to ask Plaintiff for location information (id. ¶ 16); informing Plaintiff she was on a recorded line (id. ¶ 17); using rude and abrasive language (id. ¶18); stating that they did not know of the Fair Debt Collection Practices Act and would continue calling Plaintiff despite her oral request not to do so (id. ¶¶ 13, 19); and abruptly disconnecting calls Defendants themselves had initiated. (Id. ¶ 20.) Plaintiff characterizes the calls as "outrageous in character" such that she "suffers and continues to suffer actual damages." (Id. ¶ 21.)

Plaintiff commenced this action on July 19, 2010. The Complaint alleges (1) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (Count I); (2) violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 PA. CONS. STAT. § 2270 et seq. (Count II); (3) violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (Count III); (4) invasion of privacy by intrusion upon seclusion (Count IV); and (5) violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 PA. CONS. STAT. § 201-1 et seq. (Count V). Defendant AR Resources moved to dismiss the Complaint in its entirety for failure to state a claim on September 23, 2010. The Court now turns to a discussion of this Motion.

## II.     STANDARD OF REVIEW

Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atl. Corp. v. Twombly, 550 U.S. 544

(2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. The Court emphasized that it would not require a "heightened fact pleading of specifics," but only "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In the subsequent case of Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Court enunciated two fundamental principles applicable to a court's review of a motion to dismiss for failure to state a claim. First, it noted that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Thus, although "[Federal] Rule [of Civil Procedure] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950. Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. The task of determining whether a complaint states a plausible claim for relief is "context-specific," and "requires the reviewing court to draw on its judicial experience and common sense." Id. The Supreme Court explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. at 1949 (citing Twombly, 550 U.S. at 556-57); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (adopting Iqbal's standards).

3

Notwithstanding the foregoing, many of the fundamental underpinnings of Rule 12(b)(6) still stand. Arner v. PGT Trucking, Inc., No. CIV.A.09-565, 2010 WL 1052953, at *2 (W.D. Pa. Mar. 22, 2010); Spence v. Brownsville Area Sch. Dist., No. CIV.A.08-626, 2008 WL 2779079, at *2 (W.D. Pa. Jul. 15, 2008). Federal Rule of Civil Procedure 8 requires only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. FED. R. CIV. P. 8; Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

### III.    DISCUSSION

#### A.    Whether Plaintiff has Stated a Valid Claim under the Fair Debt Collection Practices Act

The Fair Debt Collection Practices Act ("FDCPA") aims to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Plaintiff alleges violations of sections 1692d(2), (5), and e(10) of the Act. The Court will address these claims in turn.

##### 1.    Section 1692d Claims

Section 1692d makes it unlawful for a debt collector to engage "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. More specifically, section 1692d(2) bars "[t]he use of obscene or profane language or language the natural consequence of which is to abuse the hearer

4

or reader." 15 U.S.C. § 1692d(2). In support of her 1692d(2) claim, Plaintiff avers that Defendants used "rude," "profane," and "abusive" language during repeated calls to her cell phone. (Compl. ¶¶ 18, 25, 26.) While such allegations are largely conclusory, the Court finds no relevant case law indicating that Plaintiff must further detail the type of profanity Defendants used in order to fulfill the pleading requirements of Rule 12(b)(6). To the contrary, current FDCPA jurisprudence on this issue suggests that allegations of profanity alone are sufficient to state a claim under 1692d(2). See <u>Crain v. Pinnacle Fin. Group of MN, Inc.</u>, No. CIV.A.07-12075 2007 WL 3408540, at *5 (E.D. Mich. Nov. 14, 2007) (finding allegations that "profane language was used" enough to state a "clear violation" of 1692d(2)); <u>Iruegas v. Diversified Adjustment Serv., Inc.</u>, No. CIV.A.09-898, 2010 WL 1171088, at *2 (W.D. Tex. Mar. 22, 2010) (finding allegations that collector "used profane and abusive language" sufficient to state a claim under 1692d(2)).

With regard to Plaintiff's second claim under 1692d, subsection (5) prohibits "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). In support of this claim, Plaintiff asserts that Defendants "caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass." (Compl. ¶ 26.) While such conclusions as to Defendants' intent, standing alone, are insufficient to fulfill the requirements of <u>Iqbal</u> and <u>Twombly</u>, Plaintiff further alleges that Defendants stated they "did not know the FDCPA" and "would continue calling her, despite her request to stop calling." (Id. ¶ 19.) Plaintiff also maintains that Defendants would call her and then "abruptly disconnect[] the call." (Id. ¶ 20.)

5

"Whether there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls." Shand-Pistilli v. Prof'l Account Servs., Inc., No. CIV.A.10-1808, 2010 WL 2978029, at *4 (E.D. Pa. July 26, 2010) (citing Akalwadi v. Risk Mgmt. Alt., Inc., 336 F. Supp. 2d 492, 505 (D. Md. 2004)). In Shand-Pistilli, the court found that the plaintiff's allegations of the defendant's "continuous calls" to her home and refusal to comply with her oral request to stop calling were factually sufficient to state a plausible claim under section 1692d(5). Id. at *4-5. Similarly, Plaintiff's allegations here suggest repeated calls by Defendants, use of profane language, and refusal to cease calling in the face of what the Court construes to be a reference by Plaintiff to the protections of the FDCPA. Consistent with the pleading standards espoused by Shand-Pistilli, these additional allegations suggest a pattern of harassing behavior sufficient to state a claim under 1692d(5).[1]

### 2. Section 1692e Claim

Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," and sets forth a non-exhaustive list what might constitute such deceptive conduct. 15 U.S.C. § 1692e. Plaintiff asserts a cause of action under 1692e(10), which bars "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a

---

[1] The Court does not take into account Plaintiff's allegations that Defendants asked for her name, recorded the call, or failed to ask her for her location information. Such details, even taken as true, offer no additional support to a claim that Defendants "caused a phone to ring repeatedly" or "used profane and abusive language" with the intent to harass Plaintiff under 1692d(2) and (5). In addition, while the Court takes note of Defendant's argument that the FDCPA prohibits a collector from further communicating with a consumer only after the consumer so requests in writing, the Court finds Plaintiff's oral request that Defendants stop calling her relevant to the issue of Defendants' intent to harass.

consumer." 15 U.S.C. § 1692e(10).

Defendant contends that Plaintiff fails to allege any type of deceptive behavior on its part or that of the Collectors. The Court disagrees. The Complaint alleges that Defendants contacted Plaintiff in an effort to collect a debt incurred by Plaintiff's family member. (Compl. ¶ 8.) Courts within the Third Circuit have consistently held that an attempt to collect a debt from a non-debtor constitutes a "false representation" as to the character or status of the debt in violation of 1692e.[2] See Beattie v. D.M. Collections, Inc., 754 F. Supp. 383, 392 (D. Del. 1991); Dutton v. Wolhar, 809 F. Supp. 1130, 1137 (D. Del. 1992). By alleging that Defendants attempted to

---

[2] Notably, whereas Plaintiff asserts her claim under 1692e(10), the cases cited above suggest that an attempt to collect a debt from a non-debtor is best characterized as a misrepresentation as to "the character, amount, or legal status of any debt" in violation of 1692e(2)(A). Beattie, 754 F. Supp. at 394; Dutton, 809 F. Supp. at 1140. To be clear, these cases dismissed the plaintiffs' claims under 1692e(10), but only because their harm was already addressed via their claims under 1692e(2)(A). See, e.g., Beattie, 754 F. Supp. at 394 ("Plaintiffs have alleged no false or deceptive conduct beyond the fact that defendants demanded payment from persons who were not responsible for the debt . . . . The court has already found that defendants' statements that the debt was owed by plaintiffs may best be characterized as a representation concerning the status or character of the debt. . . . Because plaintiffs have failed to allege any conduct not specifically addressed elsewhere in the Act, defendants' motion for summary judgment will be granted as to their liability under subsection 1692e(10).") Indeed, the two subsections are closely related and often brought in conjunction with one another. See Aronson v. Commercial Fin. Servs., Inc., No. CIV.A.96-2113, 1997 WL 1038818, at *4 (W.D. Pa. Dec. 22, 1997) ("A debt collector's false statement violates the FDCPA if it misrepresents the amount or character of a debt, 15 U.S.C. § 1692e(2)(A), or if the debt collector *uses* the false statement in an attempt to collect a debt. 15 U.S.C. § 1692e(10).")

Accordingly, Plaintiff's decision to allege a violation of 1692e(10) rather than 1692e(2)(A) has no bearing on the sufficiency of the claim. Unlike the aforementioned cases, Plaintiff brings no claim under 1692e(2)(A); thus, the 1692e(10) claim is the only one to specifically address Plaintiff's harm stemming from Defendants' alleged misrepresentation as to the obligor of the debt. Moreover, consistent with Aronson and the language of 1692e(10), Plaintiff argues that Defendants *used* this misrepresentation in order to collect a debt Plaintiff did not owe. (Pl.'s Mem. Opp'n Mot. Dismiss 5.)

collect a debt from Plaintiff that she did not owe, Plaintiff has thus raised a reasonable inference that Defendants used a false representation as a means of debt collection in violation of 1692e(10).

In light of the foregoing, the Court finds that Plaintiff has stated a plausible claim under 1692d(2), 1692d(5) and 1692e(10). Accordingly, the Court declines to dismiss Plaintiff's FDCPA claim.

### B. Whether Plaintiff has Stated a Valid Claim Under the Pennsylvania Fair Credit Extension Uniformity Act

Plaintiff alleges no additional facts to support her claim under the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"). Rather, she asserts that a violation of the FDCPA constitutes a per se violation of the FCEUA. Having established a right to relief under the FDCPA, Plaintiff requests that the Court, by logical extension, allow her FCEUA claim to proceed.

Section 2270.4 of the FCEUA states, "It shall constitute an unfair or deceptive debt collection act or practice under this act if a debt collector violates any of the provisions of the Fair Debt Collection Practices Act." 73 PA. CONS. STAT. § 2270.4. Based on the text of the statute, it is clear that a violation of the FDCPA constitutes a per se violation of the FCEUA. Defendant does not argue otherwise. Accordingly, the Court declines to dismiss Plaintiff's FCEUA claim.

### C. Whether Plaintiff has Stated a Valid Claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law

Similar to the FCEUA claim, Plaintiff's only basis for her claim under the Pennsylvania

8

Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. C.S.A. § 201-1 et seq., is that a violation of the FCEUA constitutes a per se violation of the UTPCPL. Indeed, Section 2270.5(a) of the FCEUA states, "If a debt collector or creditor engages in an unfair or deceptive debt collection act or practice under this act, it shall constitute a violation of . . . the Unfair Trade Practices and Consumer Protection Law." 73 PA. CONS. STAT. § 2270.5(a); see also In re Close, Nos. CIV.A.93-17145, 03-153, 2003 WL 22697825, at *3 n.5 (Bankr. E.D. Pa. Oct. 29, 2003) (stating that a violation of the FCEUA is a violation of the UTPCPL); In re Howe, No. CIV.A.09-00010, 2009 WL 2916920, at *7 (Bankr. E.D. Pa. July 2, 2009). "[T]he FCEUA does not provide its own remedy and so it incorporates the damages provision found in the [UTPCPL]." In re Klein, No. CIV.A.10-0015, 2010 WL 2680334, at *2 (Bankr. E.D. Pa. June 29, 2010). For that reason, "no FCEUA claim can be made without reference to the other two statutes [the FCDPA and UTPCPL]." Id.

Defendant argues to the contrary, citing Garczynski v. Countrywide Home Loans, Inc., 656 F. Supp. 2d 505, 515-16 (E.D. Pa. 2009) for the proposition that a violation of the FCEUA does not constitute a per se violation of the UTPCPL. The Garczynski court, however, made no reference to section 2270.5(a) of the FCEUA, which, as noted above, explicitly states otherwise. Moreover, the court cited Wenglicki v. Tribeca Lending Corp., No. CIV.A.07-4522, 2009 WL 2195221, at *6 (E.D. Pa. July 22, 2009), in support of its holding. A closer reading of Wenglicki reveals that the court found the plaintiff's UTPCPL claim insufficient where the plaintiff had *withdrawn* his FCEUA claim and failed to offer any additional facts supporting the UTPCPL claim. Id.

Based on the language of the FCEUA and supporting case law, the Court finds that

Plaintiff need only establish a viable claim under the FDCPA in order to state sufficient claims under the FCEUA and UTPCPL. In light of the Court's decision to allow Plaintiff's FDCPA and FCEUA claims to proceed, the Court will, by extension, deny Defendant's Motion to Dismiss Plaintiff's claim under the UTPCPL.

    **D.    Whether Plaintiff has Stated a Valid Claim under the Telephone Consumer Protection Act**

Plaintiff next asserts that Defendants have violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., by calling her cellular telephone with automated recordings. (Compl. ¶¶ 15, 36.) Under the TCPA, it is unlawful:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –
> . . .
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . .

47 U.S.C. § 227(b)(1)(A)(iii).

Defendant argues that the Federal Communications Commission ("FCC") has expressly exempted from the TCPA calls made for debt collection purposes. (Def.'s Mot. Dismiss 7-8.) Indeed, in a 1992 Report and Order, the FCC exercised its authority under the TCPA to "create[] an express exemption for calls made to a party with whom the caller has an established business relationship." Watson v. NCO Group, Inc., 462 F. Supp. 2d 641, 644 (E.D. Pa. 2006); In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 7 FCC Rcd. 8752, 8771-8772 (1992). The Report went on to clarify that "all debt collection circumstances involve a prior or existing business relationship," such that debt collection calls fall within the

10

Report's stated exemptions. 7 FCC Rcd. at 8771-8772.

This exemption, however, applies only to *residential* telephone calls under section 227(b)(1)(B) – a provision not at issue here.³ In the instant case, Plaintiff alleges that Defendants contacted her via *cell phone*, placing her claim within the purview of 227(b)(1)(A)(iii). As noted above, the text of section 227(b)(1)(A)(iii) offers exemptions only for "a call made for emergency purposes or made with the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii). In a 2008 Declaratory Ruling, the FCC clarified that such express consent "is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, Request of ACA Int'l for Clarification and Declaratory Ruling, 23 FCC Rcd. 559, 564-65 (2008). The FCC also reiterated the lack of other exceptions to section 227(b)(1)(A)(iii), recognizing that prerecorded calls could be particularly costly to cellular subscribers who pay for incoming calls. Id. at 562, 565 (citing Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 18 FCC Rcd. 14014, 14115 (2003)).

Plaintiff's allegations indicate no such "express consent." To the contrary, Plaintiff

---

³ 47 U.S.C. § 227(b)(1)(B) makes it unlawful:

to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes *or is exempted by rule or order by the Commission* under paragraph (2)(B).

47 U.S.C. § 227(b)(1)(B) (emphasis added).

maintains that she is not the debtor. (Compl. ¶ 8.) She further alleges that Defendants contacted her "without prior consent . . . by means of automatic telephone calls or prerecorded messages at a cellular telephone . . . ." (Compl. ¶ 36.) Such allegations do not fall within an exemption to § 227(b)(1)(A)(iii) and are sufficient to establish a right to relief. Accordingly, the Court will permit Plaintiff's TCPA claim to proceed.

> E. Whether Plaintiff has Stated a Valid Claim for Intrusion Upon Seclusion

To state a claim for intrusion upon seclusion, Plaintiff must allege "an intentional intrusion upon the seclusion of their private concerns which was substantial and highly offensive to a reasonable person, and aver sufficient facts to establish that the information disclosed would have caused mental suffering, shame or humiliation to a person of ordinary sensibilities." Boring v. Google Inc., 362 Fed. Appx. 273, 279 (3d Cir. 2010) (quoting Pro Golf Mfg., Inc. v. Tribune Review Newspaper Co., 809 A.2d 243, 247 (Pa. 2002)). Pennsylvania has adopted the definition of intrusion upon seclusion as set forth by the Restatement (Second) of Torts, § 652B, which states:

> One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy if the intrusion would be highly offensive to a reasonable person.

Desmond v. Phillips & Cohen Assoc., Ltd., 724 F. Supp. 2d 562, 568 (W.D. Pa. 2010) (citing Larsen v. Philadelphia Newspapers, Inc., 543 A.2d 1181, 1186-87 (Pa. Super. Ct. 1988)). The Restatement explicitly provides that there is no liability for "calling [a plaintiff] to the telephone on one occasion or even two or three, to demand payment of a debt. It is only when the telephone calls are repeated with such persistence and frequency as to amount to a course of hounding the plaintiff, that becomes a substantial burden to his existence, that his privacy is

invaded." RESTATEMENT (SECOND) OF TORTS § 652B cmt. d.; Desmond, 724 F. Supp. 2d at 568-69; Diaz v. D.L. Recovery Corp., 486 F. Supp. 2d 474, 480 (E.D. Pa. 2007).

Based on the standards set forth in the Second Restatement, the Court finds Plaintiff has not alleged sufficient facts to support a claim for intrusion upon seclusion. Plaintiff alleges only that Defendants "intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with telephone calls," and that these calls were "so persistent and repeated with such frequency as to be considered 'hounding the plaintiff,' and 'a substantial burden to her existence.'" (Compl. ¶¶ 42-43.) As Defendant notes, Plaintiff merely avers that Defendants called her persistently, and then concludes that such calls were sufficient to demonstrate a substantial burden. Nowhere does Plaintiff specify the number or substance of the calls, nor does she offer examples of "highly offensive" conduct apart from Defendants' use of profane and abusive language (allegations which, as the Court noted above, are also notably vague and conclusory). "[E]fforts to collect a debt may be annoying, embarrassing, and upsetting without rising to the level of an invasion of privacy." Leahey v. Franklin Collection Serv., Inc., No. CIV.A.09-00709, 2010 WL 5279831, at *4 (N.D. Ala. Feb. 4, 2010). While Plaintiff's allegations may be enough to state a plausible claim under the FDCPA, they are not sufficient to support a claim for invasion of privacy. Accordingly, the claim must be dismissed.

## IV. CONCLUSION

Based on the foregoing, the Court denies Defendant's Motion to Dismiss Plaintiff's claims under sections 1692d(2), 1692d(5), and 1692e(10) of the Fair Debt Collection Practices Act, the Pennsylvania Fair Credit Extension Uniformity Act, the Telephone Consumer Protection Act, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law. The Court

grants Defendant's Motion to Dismiss Plaintiff's claim for invasion of privacy by intrusion upon seclusion.

An appropriate Order follows.